RECEIVED

JUL 2 1 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

MALIK ABDULLAH SHABAZZ (#318433)   DOCKET NO. 15-cv-1686; SEC. P
A.K.A. DARWIN RILEY

VERSUS                             JUDGE DRELL

WARDEN                             MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Malik Abdullah Shabazz[1], filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on May 13, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He complains that he is in custody in violation of state and federal law.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner claims that the State lacks jurisdiction over him because the 19th Judicial District Court did not file a "Congressional Order of Delegation of Authority" and because he is one-in-the-same as the State of Malik Shabazz © a "fiction-entity

---

[1] See State v. Shabazz, 2014-0431 (La. App. 1 Cir. 11/7/14)("The defendant testified that he changed his birth name, Darwin Riley, in 2003 because 'after [he] got out of the penal system [he] changed [his] whole life.'"); see Shabazz v. Louisiana, No. 3:14-CV-00290-BAJ, 2014 WL 3547057 (M.D. La. July 17, 2014)(Malik A. Shabazz a/k/a Darwin Riley).

and Public Vessel/Vassal" as used in Commerce.  He claims that he is without Louisiana citizenship, and that he, as a public vessel and ambassador, has been wrongfully captured and seized for public use without due process of law and without just compensation. Thus, he claims that any order committing him to the custody of the Department of Corrections is null and void.

Petitioner was charged by bill of information with aggravated second degree battery, a violation of La. R.S. 14:34.7. He entered a plea of "not guilty" but was found guilty following a jury trial. Pursuant to an agreement with the State wherein it would not file a habitual offender bill and would dismiss his pending charges, the defendant was sentenced to seven years at hard labor in March 2013. He filed motions for new trial, post-verdict judgment of acquittal, and to reconsider sentence, all of which were denied.  See State v. Shabazz, 2014-0431 (La. App. 1 Cir. 11/7/14), --- So.3d ---, affirming conviction and sentence. Petitioner filed a §2254 petition in the Middle District of Louisiana, claiming that he was denied due process and a fair trial because his trial attorney labored under a conflict of interest and because the state trial judge erred by imposing sentence without first issuing a ruling or conducting a hearing in connection with the petitioner's pending motion for new trial.  See Shabazz v. Louisiana, No. 3:14-CV-00290, 2014 WL 3547057 (M.D. La. July 17, 2014).  The petition was dismissed without prejudice for Petitioner's failure to exhaust

2

state court remedies. Id. Petitioner then filed the instant petition pursuant to §2241.

### Law and Analysis

Under 28 U.S.C. §2241(c)(3), a federal district court may issue a writ of habeas corpus for a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Although §2241 does not explicitly require a state prisoner to exhaust available state court remedies before seeking federal habeas relief, the Fifth Circuit has made clear that a prisoner seeking relief under §2241 petitioner must first exhaust available state remedies before filing a federal habeas petition, just like a conventional habeas petition proceeding under 28 U.S.C. § 2254. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); see also Thomas v. Parker, Civ. A. No. 07-3467, 2007 WL 3353235, at *1 (E.D.La. Nov.7, 2007). The Fifth Circuit has explained that federal courts should abstain from exercising jurisdiction under §2241 "when other state procedures are available to the petitioner." Dickerson, 816 F.2d at 225 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Ex Parte Royall, 117 U.S. 241, 250-54 (1886)). "The exhaustion doctrine of §2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit

3

federal interference in the state adjudicatory process." Id.
Generally, a petitioner satisfies the exhaustion requirement only
when he has first presented all grounds for relief raised in his
§2241 petition to the state's highest court in a procedurally
proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.
1988).  Petitioner has not yet presented his claims to the state's
highest court in a procedurally proper manner.

Moreover, Petitioner has already filed a §2254 petition in
federal court. To the extent that Petitioner is attempting to
challenge the validity of his conviction and sentence a second time
(or the order of commitment resulting from his conviction and
sentence), he must first seek permission from the Fifth Circuit
Court of Appeals.

Petitioner's claim that his petition is filed pursuant to the
Uniform Commercial Code fails, as well. See e.g., U.S. v. Mitchell,
405 F.Supp.2d 602 (D.Maryland, 2005)("the U.C.C. has no bearing on
criminal subject matter jurisdiction," and it was "unfathomable how
[the cited] provision has any relevance in a criminal proceeding");
United States v. Partida-Parra, 859 F.2d 629, 634 (9th Cir. 1998)
("formation of binding plea agreements is governed not by the
Uniform Commercial Code, but by the Federal Rules of Criminal
Procedure ....).

Petitioner has simply not presented non-frivolous allegations
that his custody is in violation of the constitution or laws of the

4

United States. Even if he had, his claims are not exhausted. Moreover, any challenge to his judgment of conviction or sentence is second and successive. Petitioner's assertions and this legal theories are nonsensical and bordering on fantastic or delusional.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus under Section 2241 be **DENIED AND DISMISSED** with prejudice.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6